[879 NYS2d 474]

In the Matter of PETER J. SCHMERGE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 21, 2009

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

**OPINION OF THE COURT**

PER CURIAM.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a total of four petitions containing approximately 24 charges of professional misconduct. In essence, the charges include conversion of client funds, failing to comply with this Court's order suspending the respondent from the practice of law, and failing to cooperate with the Grievance Committee. More specifically, the respondent is charged with multiple counts of misappropriating client funds, failing to promptly pay or deliver, as requested, client funds in his possession, failing to cooperate with the Grievance Committee, failing to comply with court orders, failing to withdraw from a litigated matter, improperly communicating with a party represented by counsel, failing to satisfy a judgment against him which was related to the practice of law, neglecting a legal matter entrusted to him, and practicing law as a suspended attorney.

The respondent opposed each of the Grievance Committee's motions for his immediate suspension, denied the allegations of

the supplemental petitions, and requested an opportunity to present evidence in mitigation and of his good character in the form of witnesses, documents, and other means to be determined and arranged with the Special Referee.

The respondent appeared at the Grievance Committee's offices on April 30, 2008, for a prehearing conference before Special Referee Douglass to resolve the preliminary issues of whether the respondent was represented by counsel and whether he suffers from some form of mental infirmity which would prevent him from continuing these proceedings. The respondent maintained that he had not terminated the services of his attorney, Chris McDonough, but no longer wanted his representation due to the communications sent by Mr. McDonough to this Court. The respondent indicated that he could not afford to retain new counsel.

At the prehearing conference, Grievance Counsel noticed a decline in the respondent's physical appearance since she had last seen him approximately 1½ years earlier. The respondent had advised Grievance Counsel that he is suffering from depression but could not afford to take his prescribed medication on a regular basis. The respondent revealed that his illness rendered it difficult for him to read. He admitted that he never read the petitions in this proceeding.

The respondent waived any privilege and agreed to allow the Grievance Committee access to medical information from his physician, Dr. Robert Werboff. He signed a waiver and indicated that his doctor already knew about the Grievance Committee proceeding.

In his report to the Court, Special Referee Douglass reached the following conclusion:

> "The respondent is now facing eviction, has no money and for all practical purposes is dysfunctional. His official status as a member of the Bar is that he is a suspended attorney facing unresolved disciplinary proceedings. In view of his mental circumstances it is impossible to proceed with the disciplinary proceedings. The staff attorney recommends, and I agree, that this matter should be closed by the issuance of an order pursuant to 22 NYCRR 691.13 (c) which is applicable to disciplinary proceedings where an attorney is mentally impaired and authorizes suspension until such time as the respondent has the capacity to participate in his defense."

In view of the medical records supplied by Dr. Werboff and the respondent's acknowledged disabilities, as evidenced during the preliminary conference and events subsequent thereto, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent of adopting the Special Referee's recommendation to hold the disciplinary proceeding in abeyance and to suspend the respondent on the additional ground set forth in 22 NYCRR 691.13 (c) until such time as he is fit to participate fully in his defense.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and BALKIN, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted to the extent of adopting his recommendation to hold the disciplinary proceeding in abeyance and to suspend the respondent, Peter J. Schmerge, on the additional ground set forth in 22 NYCRR 691.13 (c) until such time as he is fit to participate fully in his defense; and it is further,

Ordered that on the Court's own motion, Tracie A. Sundack, Esq., 19 Court Street, Third Floor, White Plains, New York 10601, is appointed as inventory attorney pursuant to 22 NYCRR 691.10 (g) to take custody of and inventory the files of the respondent, Peter J. Schmerge, and to take such action as is deemed proper and advisable to protect the interests of the clients as well as the suspended attorney.